# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIRECTSTREAM, LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-10534 (MFW) |
| In re:<br><br>DIRECTSTREAM FEDERAL, LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-10535 (MFW)<br><br>Hearing Date: Sept. 16, 2020 at 2:00 p.m. (ET) |

### INTEL CORPORATION'S STATEMENT REGARDING MOTION OF
### DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT WITH
### FG SRC LLC AND AFFILIATES

Intel Corporation ("**Intel**") respectfully submits this Statement in response to the *Motion of Don A. Beskrone, Chapter 7 Trustee, To Approve Settlement with FG SRC LLC and Affiliates* (D.I. 57) (the "**Settlement Motion**"):

### BACKGROUND

1. On July 28, 2020 Intel filed its *Motion for an Order (I) Staying Patent Infringement Action Pursuant to Section 362(a) or Section 105(a) or (II) Modifying the Automatic Stay and Granting Related Relief* (D.I. 51) (the "**Stay Motion**"), which raised concerns regarding the foreclosure by FG SRC LLC ("**FG SRC**"), an insider of debtor DirectStream, LLC ("**Debtor**"), of the Debtor's patent portfolio (the "**Foreclosure**").

2. The Stay Motion explains that FG SRC has sued Intel for allegedly infringing (the "**Infringement Action**") U.S. Patent No. 7,149,867 (the "**'867 patent**") and the risks to Intel if the Trustee challenges the Foreclosure, avoids the transfer of the '867 patent to FG SRC (the

"**Transfer**"), otherwise asserts an interest in the Infringement Action or an independent claim against Intel based on the '867 patent and later argues that he is not bound by any judgment, ruling, or other resolution of the Infringement Action or otherwise relating to the '867 patent.

3. To guard against these risks, Intel asked the Court to: (i) stay the Infringement Action under section 362(a) or the Court's section 105(a) powers pending conclusion of the Trustee's investigation and avoidance of the Transfer or abandonment of any causes of action relating to the Transfer or (ii) modify the automatic stay to allow Intel to assert, litigate, resolve or otherwise compromise any issue, claim, counterclaim or defense arising in the Infringement Action or in connection with the '867 patent, including successor liability and alter ego claims against FG SRC, and declare that the Trustee will be bound by the results of the Infringement Action or any other action relating to the '867 patent, even if he is later determined to be the real party in interest in the Infringement Action or with respect to the '867 patent.

4. According to the Settlement Motion, FG SRC and the Trustee have reached a settlement (the "**Settlement**") in which the Trustee, the Debtors and their estates release FG SRC from potential claims arising out of the Foreclosure or other claims the Trustee was investigating. The Settlement also provides that FG SRC shall use reasonable efforts to prosecute claims involving the patents or other intellectual property owned or controlled by the Debtors that were foreclosed upon or assigned to FG SRC, including the Infringement Action.

5. Both the Trustee and FG SRC have represented to Intel that the Settlement "moots" Intel's Stay Motion. Although Intel does not object to the Settlement in principle, Intel does not agree that the Settlement eliminates the legitimate concerns articulated in the Stay Motion. Intel accordingly files this statement to preserve all of its rights related to the pending Stay Motion.

**STATEMENT OF POSITION**

6.      Intel disagrees that the Settlement moots the issues raised (and eliminates the concerns articulated) in the Stay Motion. To address those issues and concerns, the Settlement and any order approving the Settlement must, or the resolution of the Stay Motion must, among other things, make clear that:

    a. The Trustee and the Debtor's estate have no claims against Intel based on the '867 patent;

    b. The Trustee and the Debtor's estate are bound by the results of the Infringement Action or any other action relating to the '867 patent, including any ruling, decision, order, judgment, settlement or position taken by FG SRC in respect thereof, or otherwise in connection with the '867 patent in any forum;

    c. If there is a breach of the Settlement, or the Settlement later is avoided, rescinded or otherwise found to be of no force or effect as between the Trustee and FG SRC, or if the Trustee or the Debtor's estate later avoid the Foreclosure or are otherwise deemed to be the real party or economic party in interest with respect to the '867 patent, then the Trustee and the Debtor's estate claims will be limited to recovery from FG SRC and they will still have no claims against Intel based on the '867 patent and will be bound by the results of the Infringement Action or any other action relating to the '867 patent, including any ruling, decision, order, judgment, settlement or position taken by FG SRC in respect thereof, or otherwise in connection with the '867 patent in any forum;

    d. Any action or position that Intel takes in the Infringement Action or otherwise with respect to the '867 patent (or any other asset subject to the Foreclosure) is not a violation of the automatic stay contained in section 362 of the Bankruptcy Code and is not and will not be stayed under section 105(a) of the Bankruptcy Code;

    e. No ruling, decision, order, judgment, agreement or settlement related to the Infringement Action or the '867 patent may be challenged or later avoided by the Trustee or the Debtors; and

    f. Each of the foregoing applies to any successor, assignee or representative of either the Trustee or the Debtor's estate.

7.      The foregoing is not intended to be an exhaustive list as Intel is still evaluating the changes that would need to be made to the Settlement and any order approving the Settlement Motion or with respect to the Stay Motion to protect it from the risks raised in the Stay Motion, but emphasizes why the Settlement does not moot the Stay Motion. Intel is working to provide a

comprehensive list of required changes before the hearing on the Stay Motion scheduled for September 16, 2020.

    For the foregoing reasons, Intel reserves all of its rights related to the Stay Motion, and to the extent required, the Settlement.

Dated: September 10, 2020

                                Respectfully submitted,

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Taylor M. Haga*
                                Derek C. Abbott (No. 3376)
                                Taylor M. Haga (No. 6549)
                                1201 N. Market Street, 16th Floor
                                P.O. Box 1347
                                Wilmington, Delaware 19899-1347
                                Telephone: (302) 658-9200
                                Facsimile: (302) 658-3989
                                Email:   dabbott@mnat.com
                                                    thaga@mnat.com

                                and

                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                Andrew M. Troop (*pro hac vice* admission pending)
                                31 West 52nd Street
                                New York, NY 10019-6131
                                Telephone: (212) 858-1000
                                Facsimile: (212) 858-1500
                                andrew.troop@pillsburylaw.com

                                Dania Slim (*pro hac vice* admission pending)
                                324 Royal Palm Way, Suite 220
                                Palm Beach, FL 33480-4309
                                Telephone: (202) 663-9240
                                Facsimile: (202) 663-8007
                                dania.slim@pillsburylaw.com

                    *Counsel for Intel Corporation*